# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| MAGGIE E. BAXLEY | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-313 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## MEMORANDUM OPINION

The plaintiff Maggie E. Baxley has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny her application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Baxley was born in 1952 and was 50 years old at the time of her administrative hearing. [Tr. 433, 446]. She completed seventh grade and has relevant past work experience as a laundry worker and housekeeper. [Tr. 432, 446]. Ms. Baxley alleges she is disabled as of December 8, 2001, from emphysema, shortness of breath, blood clots with numbness in her right leg, chest pain, an enlarged heart, back pain, muscle spasms, arthritis, a bleeding stomach, blood in her stools, and anxiety attacks. [Tr. 15]. Based upon a finding that her impairments were severe, but

not severe enough, the Administrative Law Judge [ALJ] found that Ms. Baxley was not disabled as defined by the Social Security Act. [Tr. 16].

At Ms. Baxley's administrative hearing held on June 4, 2003, the testimony of Ms. Baxley was received into evidence. [Tr. 432-35]. Ms. Baxley testified she last worked at a hotel in May 2002. [Tr. 433]. The ALJ then continued the hearing to a later date in order to allow time for Ms. Baxley to receive some psychological testing. [Tr. 435].

A supplemental hearing was held on December 10, 2003, and the testimony of Ms. Baxley, vocational expert Donna Bardsley, and medical expert Dr. Theron Blickenstaff was received into evidence. [Tr. 440-48]. Dr. Blickenstaff testified he did not believe Ms. Baxley had a severe impairment. [Tr. 440-41]. The doctor indicated he would limit Ms. Baxley to lifting/carrying 50 pounds occasionally and 25 pounds frequently. [Tr. 442]. She should also avoid more than moderate exposure to dust. [Tr. 445, 446]. In sum, Ms. Baxley's complaints far exceeded "the objective evidence at this time." [Tr. 442-43].

Ms. Baxley testified next that she did not have trouble learning while she was in school, but she found the IQ test she was administered in connection with her application for disability benefits to be difficult. [Tr. 443]. She also indicated she saw a doctor the day before the hearing with complaints of cramping in her feet and

2

legs and sharp pain in her chest. [Tr. 444]. She was given pain medication and muscle relaxers. [*Id.*].

Vocational expert Donna Bardsley testified next and was asked to assume a person of Ms. Baxley's age, prior relevant work, and a borderline intellect, with a limitation of medium work and no more than moderate exposure to dust. [Tr. 446-47]. Ms. Bardsley testified that such a person could not perform Ms. Baxley's prior relevant work. [Tr. 447]. She would be able to work as a hand packager, sorter, assembler, inspector, information clerk, cashier, stock clerk, and some general laborer positions. [*Id.*]. If such a person was also seriously limited in handling work stress and was limited to simple, repetitive jobs, Ms. Bardsley's previous response would remain the same. [Tr. 448].

The ALJ ruled that Ms. Baxley was not disabled because her severe impairments of coronary artery disease, chronic obstructive pulmonary disease, anxiety, and borderline intellect were not severe enough. [Tr. 16]. The ALJ then determined she retained the RFC to "perform unskilled, medium work with no greater than moderate exposure to vapors[,] fumes, dust, or other pulmonary irritants and should avoid being around unprotected heights and moving machinery." [Tr. 20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the

3

record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Baxley requests a judgment on the pleadings and challenges the ALJ's credibility finding, the ALJ's failure to consider her impairments in combination, and the ALJ's finding that she retained the residual functional capacity [RFC] to perform medium exertional work.

Ms. Baxley first contends the ALJ erred in his assessment of her credibility. The ALJ indicated Ms. Baxley's "complaints of pain and other limited symptoms are not credible to the extent alleged." [Tr. 21]. According to the ALJ, her credibility was "diminished by her failure to put forth her best effort during IQ testing and failure to quit smoking as recommended many times by her treating physicians." [*Id.*]. In addition, the ALJ noted that Ms. Baxley's daily activities of cooking, shopping, doing laundry, working puzzle books, doing housework, watching television, and visiting

4

with family and friends were out of line with her complaints of pain. [*Id*.]. There was substantial evidence to support the ALJ's credibility finding. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Ms. Baxley next argues the ALJ erred by not evaluating her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Baxley's impairments four times in his decision. [Tr. 16, 20, 21]. The ALJ focused Ms. Baxley's RFC on her coronary artery disease, chronic obstructive pulmonary disease, anxiety, and borderline intellect. [Tr. 20, 21]. Finally, the hypothetical questions the ALJ asked the vocational expert focused on Ms. Baxley's borderline intellect and chronic obstructive pulmonary disease. [Tr. 446, 447]. Based on the Sixth Circuit framework, the ALJ considered Ms. Baxley's impairments in combination.

Lastly, Ms. Baxley contends the ALJ erred in his assessment of her RFC. The ALJ found that Ms. Baxley retained the RFC "to perform unskilled, medium work with no greater than moderate exposure to vapors[,] fumes, dust, or other pulmonary

5

irritants and should avoid being around unprotected heights and moving machinery." [Tr. 20]. The two medical doctors who opined about Ms. Baxley's physical limitations both concluded she met the boundaries for medium exertion work: she could occasionally lift/carry 50 pounds and frequently lift/carry 25 pounds. [Tr. 263, 442]. In addition, the ALJ took into account Ms. Baxley's chronic obstructive pulmonary disease, anxiety, and borderline intellect when assessing her RFC. [Tr. 21]. Pursuant to 20 C.F.R. §§ 404.704 and 416.912, the burden of proof is on the plaintiff to demonstrate what limitations are required considering her impairments. Ms. Baxley has failed to meet that burden.

After careful consideration of the entire record of proceedings related to this case, Ms. Baxley's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE